OPINION
{¶ 1} On April 12, 2002, the Licking County Grand Jury indicted appellant, Tracy Hall, on one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331, one count of operating a motor vehicle while under the influence in violation of R.C.4511.19, one count of speeding in violation of R.C. 4511.21 and a stop sign violation in violation of R.C. 4511.43.
 {¶ 2} On July 10, 2002, appellant pled no contest to the charges. By judgment entry filed July 11, 2002, the trial court found appellant guilty and sentenced him to a total aggregate term of one year in prison.
 {¶ 3} On December 5, 2002, appellant filed a motion to withdraw his plea. By judgment entry filed January 3, 2003, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The Trial Court Committed Harmful Error In Summarily Denying The Appellant's Motion To Withdraw His No Contest Plea Without A Hearing."
 II {¶ 6} "The Trial Court Erred By Not Following Or Repudiating The Negotiated Pretrial Plea Agreement With Regard To Sentencing Directly To The Licking Muskingum Community Correction Center As A Condition Of Community Control."
 III {¶ 7} "Appellant-appellant Was Denied Effective Assistance Of Counsel In Violation Of The Sixth Amendment Of The United States Constitution And Article I, Section X, Of The Ohio Constitution."
 I, II {¶ 8} Appellant claims the trial court erred in not affording him a hearing on his motion to withdraw and failed to follow the pretrial negotiated plea. We disagree.
 {¶ 9} Because appellant's motion to withdraw was based upon the pretrial negotiated plea, we will address these issues together.
 {¶ 10} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We note an evidentiary hearing is not required if the allegations made in the motion to withdraw are contradicted by the record. State v. Legree (1988), 61 Ohio App.3d 568.
 {¶ 11} Following his no contest pleas, appellant was sentenced to an aggregate term of one year in prison. Thereafter, appellant filed a motion to withdraw, claiming the trial court failed to follow the terms of the pretrial negotiated plea. Said document filed on May 14, 2002 is not a "negotiated plea," but simply a pretrial entry. Although the trial court noted the possibility of no jail time, the trial court also set a jury trial date and listed the number of potential witnesses. Further, on July 10, 2002, appellant signed admissions of no contest wherein he acknowledged the possible prison sentences, agreed "[n]o promises have been made to me as part of this plea agreement" and admitted "I enter this plea voluntarily." These points were discussed during the change of plea hearing. T. at 6, 8-9, 12-15.
 {¶ 12} The trial court did not fail to follow the "plea agreement" as there was no plea agreement. As a result, there was no need to correct a "manifest injustice" after sentencing. Appellant's allegations in his motion regarding the purported plea agreement are clearly contradicted by the record and therefore a hearing was not required.
 {¶ 13} Assignments of Error I and II are denied.
 III {¶ 14} Appellant claims his trial counsel was ineffective for failing to move to suppress evidence and failing to inform him of the possibility of a prison sentence. We disagree.
 {¶ 15} As stated in the previous assignment of error, appellant was informed of the possible sentences via his admissions of no contest and the change of plea hearing. Appellant's trial counsel signed the admissions and during the plea hearing, appellant acknowledged reviewing them with his attorney and discussing "the matter of the pleas" with him. T. at 5, 12. Appellant admitted to being "satisfied with the services, counsel, advice and representation" of his attorney. T. at 12.
 {¶ 16} As for the suppression of evidence, appellant claims his trial counsel should have moved to suppress "the breath test, the urine sample, the inconsistent statements and reports by police etc." See, Appellant's Brief at 7 and Defendant's Exhibit F. Because appellant pled no contest, "the alleged ineffective assistance of counsel must be such that the plea itself is rendered unknowing and involuntary before relief can be granted." State v. Taylor (March 5, 1985), Morrow App. No. CA 625. Had the matter gone to trial, all of the complained of evidence would have been subject to expert testimony and cross-examination. The lack of a filing of a motion to suppress did not affect appellant's plea.
 {¶ 17} Assignment of Error III is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.