OPINION
{¶ 1} Defendant-appellant, Ricky Rothonbuhler (hereinafter, "Rothonbuhler"), appeals the April 10, 2003 judgment of his conviction and sentence by the Common Pleas Court of Defiance County. Because the record before us fails to provide any factual basis for appellant's assignments of error, we affirm the judgment of the trial court.
 {¶ 2} In December of 1988, Rothonbuhler was convicted of rape and sentenced to five to twenty-five years in prison. Rothonbuhler was paroled and was released from prison in April of 2001. At the time of the facts giving rise to this case, Rothonbuhler resided at his mother's home in Defiance, Ohio. Although the facts are not entirely clear from the record submitted to this court, it appears that on or about June 25, 2002, Rothonbuhler's parole officer, Jennifer Klausing ("Klausing"), went to Rothonbuhler's mother's residence and confiscated a computer. The computer, which was owned by Rothonbuhler's mother, but located in Rothonbuhler's bedroom, allegedly contained images of child pornography. Klausing then notified the Defiance City Police Department.
 {¶ 3} The Defiance police department conducted an investigation in which it interviewed Rothonbuhler and conducted a forensic examination of the confiscated computer. Through its investigation, the Defiance police department discovered that the computer did in fact contain downloaded images of child pornography. In response, the Grand Jury of Defiance County, on October 4, 2002, indicted Rothonbuhler with one count of Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(5).
 {¶ 4} On April 10, 2003, Rothonbuhler and the state entered into a plea agreement in which Rothonbuhler agreed to enter a plea of no contest to one count of Illegal Use of a Minor in Nudity Oriented Material or Performance in violation of R.C.2907.323(A)(3), a felony of the fifth degree. In exchange, the state dismissed the original indictment of Pandering Sexually Oriented Matter Involving a Minor, a felony of the fourth degree. The state also agreed to enter a recommendation for a six month term of imprisonment to be run consecutive to the term currently being served by Rothonbuhler for his violation of parole stemming from his 1988 rape conviction. The trial court accepted Rothonbuhler's no contest plea and followed the proposed sentencing recommendation.
 {¶ 5} Rothonbuhler, pro se, now appeals the judgment, conviction and sentence of the trial court and sets forth two assignments of error for our review.
 {¶ 6} Although Rothonbuhler has phrased his arguments in two separate assignments of error, for purposes of clarity and brevity, we consider them together.
 ASSIGNMENT OF ERROR NO. I Appellant did not enter his plea of no-contest knowingly,intelligently and voluntarily due to erroneous advice to him fromhis court-appointed trial counsel, therefore rendering counselineffective before and during appellant's proceedings, inviolation of appellant's constitutional rights guaranteed himunder the Sixth Amendment to the United States Constitution.
 ASSIGNMENT OF ERROR NO. II Appellant was denied his constitutional rights against illegalsearch and seizure guaranteed him under the Fourth Amendment tothe United States Constitution.
 {¶ 7} Rothonbuhler maintains that the assistance he received from his defense counsel was ineffective for three reasons. Rothonbuhler first asserts that that some facts essential to prove the elements of Illegal Use of a Minor in Nudity Oriented Material or Performance charge were lacking, that his counsel had not informed him of that prior to entering his plea, and that if he had been so advised, he would have elected for a jury trial rather than a no contest plea. Second, Rothonbuhler asserts, in essence, that his counsel was ineffective for failing to file a motion to suppress the evidence found on the computer that was confiscated from his mother's house.[1] Rothonbuhler specifically maintains that his parole officer and the Defiance police department conducted what appellant claims to be an illegal warrantless search and seizure when it confiscated the computer in question. Lastly, Rothonbuhler asserts that he had been provided with erroneous advice regarding the effect of the entry of his no contest plea.
 {¶ 8} Normally, in order to prevail on a claim of ineffective assistance of counsel, an appellant must meet the test established in Strickland v. Washington (1984), 466 U.S. 668, as applied to the plea process in Hill v. Lockhart (1985),474 U.S. 52. See State v. Xie (1992), 62 Ohio St.3d 521. In the case herein, Rothonbuhler must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687; Xie,62 Ohio St.3d at 524. Second, Rothonbuhler must show that there is a reasonable probability that, but for counsel's errors, he would not have entered his plea and instead would have insisted on going to trial. Hill, supra at 57-59; Xie, supra at 524. Finally, because attorneys licensed by the state of Ohio "are presumed to provide competent representation," the petitioner has the burden of proof when attempting to establish ineffective assistance of counsel. State v. Jones (Sept. 27, 2000), Auglaize App. No. 02-2000-07; citation omitted.
 {¶ 9} The record in the case before us, however, fails to provide an adequate factual basis from which we are able to review the substance of Rothonbuhler's first two assertions.
 {¶ 10} The Rules of Criminal Procedure, provide that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment[.]" Crim.R. 11(B). "Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998),81 Ohio St.3d 582, syllabus; citation omitted. Consequently, "by pleading no contest to the indictment, [an] appellant is foreclosed from challenging the factual merits of the underlying charge." Bird,81 Ohio St.3d at 584, emphasis added.
 {¶ 11} Rothonbuhler pled no contest to one count of Illegal Use of a Minor in Nudity Oriented Material or Performance in violation of R.C. 2907.323(A)(3), a felony of the fifth degree. In relevant part, R.C. 2907.323(A)(3) provides that "no person shall * * * [p]ossess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity." The One Count Bill of Information in the case sub judice states, in pertinent part, that "* * * [o]n or about the June 25, 2002, at Defiance County, Ohio, Ricky G. Rothonbuhler, did, possess or view material or a performance that shows a minor who is not the said Ricky G. Rothonbuhler's child or ward, in a state of nudity in violation of Ohio Revised Code Section2907.323(A)(3) * * *." Although Rothonbuhler now asserts that the elements of R.C. 2907.323(A)(3) cannot be factually established in his case, by entering his plea of no contest to the charge of Illegal Use of a Minor in Nudity Oriented Material or Performance, he admitted the truth of the allegations stated in the Bill of Information. See Bird at 585. As a consequence, the record before us contains no facts to support his contention that his counsel was ineffective. Similarly, there is no testimony or other evidentiary support in the record regarding how the search and seizure, which Rothonbuhler claims was illegal, was performed. The Supreme Court of Ohio, in State v. Cooperrider
(1983), 4 Ohio St.3d 226, 228, has held that:
It is impossible to determine whether the attorney wasineffective in his representation of appellant where theallegations of ineffectiveness are based on facts not appearingin the record. For such cases, the General Assembly has provideda procedure whereby appellant can present evidence of hiscounsel's ineffectiveness. This procedure is through thepost-conviction remedies of R.C. 2953.21. * * * Such a hearing isthe proper forum for appellant's claim.
Consequently, Rothonbuhler fails to meet his burden to establish that defense counsel was ineffective.
 {¶ 12} Rothonbuhler lastly asserts that counsel was ineffective because he had been provided with erroneous advice regarding the effect of his plea, and, as a result, he did not enter his plea of no contest knowingly, intelligently and voluntarily.[2] "In determining whether counsel's alleged error resulted in prejudice, that is, whether the alleged error caused the defendant to enter his plea, a court will look at the totality of the circumstances, including the Crim.R. 11 allocution, * * * and the significance of the plea bargain."State v. McCabe (September 14, 1998), 4th App. No. 97CA32; citation omitted.
 {¶ 13} The record herein, which includes the trial court judgment entry and the transcript of the April 10, 2003 plea and sentencing hearing, indicates that the trial court did afford Rothonbuhler all of the rights and protections mandated by Crim.R. 11. For example, during the plea and sentence entry hearing, the trial court personally addressed Rothonbuhler and determined that he understood the nature of the charge against him, the possible maximum penalty involved, and that he was making the no contest plea voluntarily. See Crim.R. 11(C)(2)(a). The trial court, furthermore, informed and determined that Rothonbuhler understood that effect of the no contest plea, in part, by informing Rothonbuhler that by entering the no contest plea he was admitting to the facts of the charge as stated in the Bill of Information. See Crim.R. 11(C)(2)(b) and 11(B)(2). And finally, the trial court engaged in a colloquy with Rothonbuhler and determined that Rothonbuhler understood that by entering the no contest plea, he was waiving the rights to jury trial, to confront and obtain witnesses, and to require the state to prove his guilt beyond a reasonable doubt. See Crim.R. 11(C)(2)(c). Moreover, we note that Rothonbuhler entered his plea of no contest as the result of a plea agreement, wherein the state dismissed the original charge of Pandering Sexually Oriented Matter Involving a Minor, a felony of the fourth degree and also agreed to recommend a six month term of imprisonment. It is evident from the record that the no contest plea entered by Rothonbuhler was made knowingly, intelligently, and voluntarily.
 {¶ 14} Therefore, for the reasons set forth herein, Rothonbuhler's first and second assignments of error are overruled.
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.
[1] It appears from the record that when the computer was initially confiscated, it was brought to the Defiance County Sheriff's Office. Thereafter on July 3, 2002, the Sheriff's Department obtained a search warrant to investigate the property on said computer.
[2] Although Rothonbuhler, pro se, failed to further argue this assertion in any greater detail in his appellate brief, we, nevertheless, choose to conduct a review the record before us in order to determine whether Rothonbuhler's entry of his no contest plea was made knowingly, intelligently and voluntarily. See, App. R. 12(A)(2) and Crim.R. 11(C).