OPINION
{¶ 1} Defendant-appellant Corey Manns ("Manns") brings this case from the judgment of the Court of Common Pleas of Hardin County, Juvenile Division.
 {¶ 2} On November 18, 2005, Manns and his friend stole an artificial deer, mounted it on a wood stand, and left it on a county road. Evelyn O. came upon the deer, drove around it, and stopped in a nearby drive to phone the police. While in the drive, she observed an accident behind her. A black vehicle driven by Robert R. passed another driver, crested the hill, came upon the deer and lost control of his vehicle. The vehicle flipped several times and came to rest in a field. The result of the accident was that Robert R. and his passenger were seriously injured. Damian K. was driving on the same road when he was passed by Robert R. Damian K. then observed Robert R.'s vehicle flipping over in a nearby field. He then came upon the deer and navigated around it. During his interview with the officer, Damian K. stated that Robert R. passed him traveling approximately 80 miles per hour. Another driver was also traveling on the road at the same time. He saw the deer and maneuvered around it. He and his wife then stopped to assist Robert R. and his passenger.
 {¶ 3} On January 26, 2006, Manns was indicted on four counts of felonious assault, one count of vehicular vandalism, one count of possession of *Page 3 
criminal tools, and one count of petty theft. All of the felonious assault charges and the vehicular vandalism charge were enhanced to be eligible for blended sentences. On May 4, 2006, Manns entered pleas of not guilty to all counts. Pursuant to plea negotiations, the State dismissed three of the four felonious assault charges, amended the remaining felonious assault charge to one of vehicular vandalism, and dismissed the specifications for a sentence enhancement. Manns entered a no contest plea on November 6, 2006, to two counts of vehicular vandalism in violation of R.C. 2909.09(B)(1), (C), one count of possession of criminal tools in violation of R.C. 2923.04(A), and one count of petty theft in violation of R.C. 2913.02(A)(1). The trial court entered a finding of delinquency on all counts.
 {¶ 4} On December 5, 2006, a dispositional hearing was held. On January 8, 2007, the trial court ordered Manns to be committed to the legal custody of the Ohio Department of Youth Services ("DYS") for an indefinite sentence term consisting of a minimum term of one year and a maximum term not to exceed his twenty-first birthday for each of the vehicular vandalism convictions, to a minimum term of six months on the possession of criminal tools, and a term of 90 days in the Juvenile Detention Center ("JDC") for the petty theft. The commitments on the vehicular vandalism counts were ordered to be served consecutively with the others to be served concurrently. The trial court then *Page 4 
suspended the terms to DYS and ordered Manns to serve the JDC term followed by a term of six months house arrest. Manns was also ordered to perform 1,000 hours of community service, to write letters of apology to the victims, to attend the victims' mediation program and to pay restitution and court costs. The amounts of restitution were determined on April 4, 2007. Manns appeals from these judgments and raises the following assignments of error.[1]
 The evidence did not support a finding that [Manns] threw or dropped an object onto the roadway and in the path of traffic in violation of [R.C. 2909.09].
 The evidence did not establish that [Manns] acted with the necessary mens rea for a violation of [R.C. 2909.09].
 The acts of [Manns] neither caused damage to property nor injury to persons to justify a conviction for vehicular vandalism.
 {¶ 5} In the first assignment of error, Manns claims that the evidence did not support the finding of guilt. This matter was resolved when Manns entered a no contest plea to the charges, foregoing any trial of the matter.
 The Ohio Supreme Court has determined that "[w]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998), 81 Ohio St.3d 582, 692 N.E.2d 1013, syllabus, citing State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422, 425, 662 N.E.2d 370. Thus "by pleading no contest to the indictment, [an] appellant is foreclosed from challenging the factual merits of the underlying charge." Bird , 81 Ohio St.3d at 584, 692 N.E.2d 1012. *Page 5 
 State v. Lichtenberger, 3rd Dist. Nos. 15-02-13, 15-03-03, 2003-Ohio-1581,¶ 6. The language of an indictment is sufficient to charge an offense if its language mirrors that of the statute with which the defendant is charged. Id. at ¶ 7. The effect of a no contest plea is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment. Crim.R. 11.
 {¶ 6} In this case, Manns was charged with vehicular vandalism, a violation of R.C. 2909.09(B)(1), (C) which states as follows.
 (B) No person shall knowingly, and by any means, drop or throw any object at, onto, or in the path of any of the following:
 (1) Any vehicle, streetcar, or trackless trolley on a highway.
R.C. 2909.09(B)(1). The language of the indictment is as follows.
 [Manns], on or about November 18, 2005, in Hardin, Ohio, did knowingly, and by any means, drop or throw any object at, onto, or in the path of any vehicle, streetcar, or trackless trolley on a highway, and further, this violation, caused serious physical harm to any person; in violation of [R.C. 2909.09(B)(1), (C) Vehicular Vandalism [F2], a felony of the second degree. Thus, said child has violated a law of this State which would be a crime if committed by an adult.
Indictment. The language used in the indictment tracks that of the statute. Thus, the language of the indictment is sufficient to charge an offense. Since Manns pled no contest, he is precluded from challenging the underlying factual merits *Page 6 
supporting the indictment.[2] The trial court did not err in finding Manns guilty and the first assignment of error is overruled.
 {¶ 7} In the next assignment of error, Manns argues that the evidence did not prove he acted with the necessary mens rea for the trial court to find a violation. As discussed above, Manns entered a no contest plea. When the plea was entered, Manns admitted that he acted knowingly as that state of mind is what was alleged in the indictment. Thus, the trial court did not need additional evidence upon which to make a finding that Manns acted knowingly. This assignment of error is overruled.
 {¶ 8} Finally, Manns claims that his actions were not the cause of the injury which would justify the finding of vehicular vandalism. Once again, this matter was resolved by the entering of a no contest plea. The indictment specifically stated that the actions of Manns "caused serious physical harm." Manns admitted this fact when he entered the plea. Thus, no additional proof was necessary and the trial court did not err. The assignment of error is overruled. *Page 7 
 {¶ 9} The judgment of the Court of Common Pleas of Hardin County, Juvenile Division, is affirmed.
ROGERS and PRESTON, JJ., concur.
[1] An additional assignment of error was made, but was withdrawn by appellate counsel at oral argument.
[2] Although Manns' counsel argues that they specifically reserved the right to appeal the factual issues at the change of plea hearing, a review of the record indicates that the only reservation was a general reservation of the right to appeal any issues permitted by law. Tr. 5-6. *Page 1