OPINION
{¶ 1} Defendant-appellant, Syreeta R. Scruggs, appeals the decision by the Clinton County Common Pleas Court to deny her motion to suppress evidence.
 {¶ 2} Appellant was charged with four felony counts after it was alleged that she engaged in a drug transaction with an informant in the presence of law enforcement officials. Appellant filed a motion to suppress evidence, which was denied by the trial court. She pled no contest to two drug possession charges, was found guilty by the trial court, and sentenced accordingly. On appeal, appellant argues in her single assignment of error that the trial court *Page 2 
erred in denying her motion to suppress evidence.
 {¶ 3} When reviewing a trial court's decision on a motion to suppress, a reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. The appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard.State v. Anderson (1995), 100 Ohio App.3d 688, 691; State v. Davis, Preble App. No. CA2006-10-024, 2007-Ohio-4360, ¶ 5.
 {¶ 4} A motion to suppress has been defined as a device used to eliminate from a criminal trial evidence that has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.) of the United States Constitution. State v.French, 72 Ohio St.3d 446, 449-450, 1995-Ohio-32.
 {¶ 5} Appellant argues that her motion to suppress should have been granted because law enforcement, who had no warrant, had insufficient grounds to approach and detain her and no probable cause to arrest her.
 {¶ 6} Arresting officers must possess probable cause to believe that a suspect has committed a felony when making a warrantless arrest.State v. Kerby, Clark App. No. 03-CA-55, 2007-Ohio-187, ¶ 31. Probable cause to arrest exists when the facts and circumstances within an officer's knowledge and of which he or she had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense. Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223; see, also, State v.Otte, 74 Ohio St.3d 555, 559, 1996-Ohio-108, paragraph one of the syllabus; see, also, Kerby (probable cause is a concept that must be based on the totality of the circumstances).
 {¶ 7} An officer with the Clinton County Sheriff's Office was the only witness to testify *Page 3 
at the motion to suppress hearing in the case at bar. The officer told the trial court that he and other officers executed a search warrant at a man's house and found drugs there. The man ("informant") told police that appellant was the source for those drugs and offered to buy additional drugs from this source. The officer overheard a subsequent telephone conversation between the informant and appellant. The conversation involved an arrangement to purchase crack cocaine, the cost for the drugs, and directions to the informant's house. The informant was reportedly searched and given $300 in currency after the serial numbers for the currency were recorded.
 {¶ 8} The officer testified that he observed appellant driving the vehicle that arrived at the informant's residence, saw appellant motion the informant to approach the driver's window, and observed the informant at the window with appellant. He also told the trial court that another law enforcement official, situated with a better view of the transaction, signaled the testifying officer and other members of the "takedown unit" that the transaction was complete and an arrest could be made.
 {¶ 9} The officer testified that appellant was stopped, arrested, and subsequently patted down by a female deputy. Located on appellant was a large amount of currency, including the $300 used for the transaction, which the officer identified by the prerecorded serial numbers. The officer indicated that police had secured the drugs obtained from the transaction between appellant and the informant. No other drugs were initially found on appellant.
 {¶ 10} Appellant was placed in a police cruiser to be transported to the sheriff's office. The officer testified that the informant told police that appellant may have additional drugs on her. After she was removed from the police cruiser, drugs were found on the back seat of the vehicle.
 {¶ 11} Appellant argues that the testifying officer did not observe critical portions of the *Page 4 Clinton CA2006-11-042 drug transaction, and therefore, since he was the only police official to testify at the motion to suppress, there was no showing of probable cause to stop and arrest her.[1]
 {¶ 12} Upon review of the record, we conclude that law enforcement officers had probable cause to arrest appellant before they stopped her, based upon the observations of the testifying officer and the information provided by the second officer who witnessed the drug transaction. See State v. Henderson (1990), 51 Ohio St.3d 54, 57
(information supplied by officers or agencies engaged in a common investigation with an arresting officer may be used to establish probable cause for a warrantless arrest).
 {¶ 13} The officer testified that he listened to the informant and appellant arrange a drug purchase, saw appellant drive up to the agreed meeting place, and observed appellant direct the informant to her vehicle window. The other officer notified the testifying officer to arrest appellant after he observed the completed transaction.
 {¶ 14} As long as the law enforcement authorities as a whole complied with the constitutional requirements and possess facts supporting probable cause, the arrest will be valid even though the arresting officer alone did not possess those facts. Henderson at 57.
 {¶ 15} The determination of probable cause depends upon the information relayed to police and whether they could reasonably have relied upon it, based upon what they knew at the time. See State v.Kerby, 2007-Ohio-187 at ¶ 39 (statements of others were offered at suppression hearing to prove that officers relied upon them in deciding whether to arrest suspect); cf. State v. Edwards, 107 Ohio St.3d 169,2005-Ohio-6180, ¶ 14 (trial court may rely on hearsay at suppression hearings even though such evidence would not be admissible at trial); cf. State v. Haines, Clermont App. No. CA2003-02-015, 2003-Ohio-6103, ¶ 17
(the key to a search incident to arrest is the prior existence of probable cause, and that fruit of the *Page 5 
search did not provide justification for arrest).
 {¶ 16} Finally, appellant argues under this assignment of error that the trial court erred in denying her motion to suppress evidence because the "facts were insufficient to conclude" that she possessed the drugs found in the rear seat of the police cruiser. Appellant offers the testimony of the sheriff's officer who acknowledged that the cruiser was not searched to ensure it was without contraband before appellant was placed in the vehicle.
 {¶ 17} As we previously noted, a motion to suppress raises constitutional challenges to eliminate evidence secured illegally in violation of the Constitution. We have already determined that police had probable cause to stop and arrest appellant.
 {¶ 18} Appellant does not otherwise allege that the drugs found in the back seat of the police cruiser were obtained illegally in violation of her constitutional rights. Appellant argues that the trial court should have suppressed the evidence because there was insufficient evidence to connect those drugs to her. Since appellant did not allege any pertinent basis for suppression of this evidence, the trial court did not err in its decision on the motion to suppress. See State v. Bishop, Clark App. No. 2003-CA-37, 2004-Ohio-6221, ¶ 25 (argument that insufficient evidence existed that defendant possessed drugs was not relevant to suppression motion and would be discussed under defendant's challenges to verdict on sufficiency and manifest weight of the evidence).[2]
 {¶ 19} Appellant's motion to suppress evidence is not well-taken. The trial court did not err in denying her motion to suppress. Appellant's assignment of error is overruled.
 {¶ 20} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] It is not clear from the record why the second officer was not called by the state to testify at the motion to suppress hearing.
[2] We observe that appellant pled no contest and as part of that plea, admitted as true a statement of facts that included allegations that she sold crack cocaine and that drugs were found on her, in her vehicle, and in the police cruiser that delivered her to the sheriff's office. *Page 1