OPINION *Page 2 
{¶ 1} Defendant-Appellant, Steven R. Francis, appeals the judgment of the Mercer County Court of Common Pleas finding him guilty of engaging in a pattern of corrupt activity. On appeal, Francis argues that there was no evidence of an enterprise existing independently of the admitted acts. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In June 2007, the Mercer County Grand Jury indicted Francis for one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.33(A)(1), a felony of the second degree, and for one count of theft by deception in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. Francis subsequently entered a plea of not guilty.
 {¶ 3} This indictment arose out of a series of thefts of copper electrical wire from five electrical suppliers in Mercer, Allen, and Shelby Counties, which occurred on at least nine separate occasions over a period of two months. Francis, and two other co-conspirators, posed as contractors and ordered large amounts of wire using false identities and fraudulent purchase orders. They would then pick up the wire and sell it for scrap, before the suppliers were able to discover that the purchase orders were not legitimate. Francis and one of his co-conspirators were apprehended with the stolen wire as they left the premises of one of the victims. The total value of the wire was more than $5,000, but less than $100,000. *Page 3 
 {¶ 4} In November 2007, just prior to trial, Francis withdrew his not guilty plea and entered a plea of no contest to both counts in the indictment. The trial court ascertained that Francis understood the effect of his plea pursuant to Crim. R. 11(C). Francis and his appointed attorney signed a "Waiver of Constitutional Rights Prior to Entering a Plea of No Contest," a "Negotiated Plea Agreement," and a "Stipulation of Facts." The "Stipulation of Facts" stated, in part:
 In May and June of 2007, [Francis] along with a known and other unknown co-conspirator engaged in a pattern of corrupt activity. By statutory definition of enterprise, including but not limited to two or more parties associated together, they conducted a series of deceptive, fraudulent and theft acts in Allen County, Ohio, Shelby County, Ohio and Mercer County, Ohio by posing as someone other than themselves, ordering large amounts of wire from various suppliers using alias', [sic] and fake purchase order numbers, and took possession of the wire with no intention of paying for it. They would then sell the wire for scrap and keep the proceeds for their own use and benefit.
 {¶ 5} The trial court found Francis guilty of the two counts in the indictment, and subsequently sentenced him to a five-year prison term for engaging in a pattern of corrupt activity and to a sixteen month prison term for theft by deception. The trial court ordered that the two sentences should be served concurrent to each other and consecutive to the sentences in his Allen County and Shelby County cases.
 {¶ 6} It is from this judgment that Francis appeals, presenting the following assignment of error for our review. *Page 4 
 THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT PARTICIPATED IN THE AFFAIRS OF AN ENTERPRISE THROUGH A PATTERN OF CORRUPT ACTIVITY, FOR PURPOSES OF SECTION 2923.32(A)(1) OF THE REVISED CODE WHEN THERE IS NO ADMISSION BY THE APPELLANT, AND NO EVIDENCE, OF AN ENTERPRISE EXISTING INDEPENDENTLY OF THE ADMITTED ACTS OF CORRUPT ACTIVITY, THAT IS, AN ENTERPRISE FUNCTIONING AS AN INDEPENDENT UNIT WITH A STRUCTURE SEPARATE, APART, AND DISTINCT FROM THE ADMITTED ACTS OF CORRUPT ACTIVITY.
 {¶ 7} In his sole assignment of error, Francis claims that his association with the other co-conspirators did not meet the statutory definition of an "enterprise" in order to sustain a conviction under R.C. 2923.32(A)(1) for engaging in a pattern of corrupt activity. Francis acknowledges that they engaged in a pattern of corrupt activity, but he maintains that there was no evidence of a pre-existing or independently existing association with one another that would constitute an enterprise.
 {¶ 8} R.C. 2923.32(A)(1), the statute for engaging in a pattern of corrupt activity, states:
 No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *.
 {¶ 9} The definitions of "enterprise" and "pattern of corrupt activity" are set forth in R.C. 2923.31:
 (C) Enterprise includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, *Page 5 government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. "Enterprise" includes illicit as well as licit enterprises.
 (E) "Pattern of corrupt activity" means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.
 {¶ 10} The Supreme Court of Ohio has stated that "[t]he General Assembly has determined that if a defendant has engaged in two or more acts constituting a predicate offense, he or she is engaging in a pattern of corrupt activity and may be found guilty of a RICO violation." State v. Schlosser (1997), 79 Ohio St.3d 329, 335 (emphasis omitted). The legislature defined the term "enterprise" broadly to encompass even a single individual, and thus, there is no requirement that "an enterprise must be a formal, structured organization."State v. Habash (1996), 9th Dist. No. 17071, 1996 WL 37747.
 {¶ 11} Essentially, Francis is arguing that there was insufficient evidence to prove all of the elements of the crime, specifically the existence of an enterprise. However, Francis waived his right to require the State to prove his guilt beyond a reasonable doubt when he entered his plea of no contest and, thus, chose to forgo his right to a trial. The effect of a no contest plea is not an admission of guilt, "but it is an admission of the truth of the facts alleged in the indictment * * *." Crim. R. 11(B)(2). This Court has recently addressed this issue, finding that: *Page 6 
 [t]he Ohio Supreme Court has determined that "[w]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998), 81 Ohio St.3d 582, * * * syllabus, citing State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422, 425, * * *. Thus "by pleading no contest to the indictment, [an] appellant is foreclosed from challenging the factual merits of the underlying charge." Bird, 81 Ohio St.3d at 584[.]
In re Manns, 3d Dist. No. 6-07-11, 2007-Ohio-6019, ¶ 5, quotingState v. Lichtenberger, 3d Dist. Nos. 15-02-13, 15-03-03, 2003-Ohio-1581, ¶ 6. See, also, State v. Rothonbuhler, 3d Dist. No. 4-03-05, 2004-Ohio-2059, ¶ 10. The language of an indictment is sufficient to charge an offense if its language mirrors the statute with which the defendant is charged. Bird, 81 Ohio St.3d at 585;Manns, 2007-Ohio-6019, at ¶ 5.
 {¶ 12} Count One of the indictment stated that Francis "did, beingemployed by, or associated with, an enterprise, conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt[.]" (Emphasis added). The language used in Francis' indictment closely tracks the language of the statute and clearly states that he was "associated with, an enterprise." Pursuant to Crim. R. 11(B), his plea of no contest was an admission of those facts alleged in the indictment.
 {¶ 13} Thus, when Francis entered his no contest plea in this case, the trial court was required to find him guilty and enter a judgment of conviction for the *Page 7 
stated offense. Criminal Rule 11 specifically provides that upon the acceptance of a plea of guilty or no contest, the court "shall proceed with sentencing under Crim. R. 32." Crim. R. 11(B)(3). Francis' no contest plea operated as a waiver of his right to challenge on appeal the factual merits of his conviction for engaging in a pattern of corrupt activity.
 {¶ 14} Accordingly, we overrule Francis' assignment of error.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 Judgment Affirmed. PRESTON and WILLAMOWSKI, J.J., concur. *Page 1