[Cite as *State v. Evans*, 2011-Ohio-3046.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 94984

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRANK EVANS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-513553

**BEFORE:**    Blackmon, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    June 23, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew Waters
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Appellant Frank Evans appeals his convictions for possession and

trafficking of drugs and possession of criminal tools and assigns the following

errors for our review:

> **"I.   The trial court erred in denying appellant's motion to
> suppress the evidence in this case because it was obtained
> in violation of his state and federal constitutional right to
> be free of unreasonable searches and seizures."**

**"II. Appellant was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when his attorney failed to file a motion to suppress appellant's incriminating statements."**

{¶ 2} Having reviewed the record and pertinent law, we affirm Evans's convictions. The apposite facts follow.

{¶ 3} The Cuyahoga County Grand Jury indicted Evans with one count each of possession and trafficking in crack cocaine in an amount equal to or exceeding one gram but less than five grams and one count of possession of criminal tools.

{¶ 4} Evans filed a motion to suppress the drugs found in his car, arguing the search was illegal because the officers did not have probable cause to search the car.

{¶ 5} At the suppression hearing, Detective Thomas Azzano of the Cuyahoga Metropolitan Housing Authority ("CMHA") testified that on June 4, 2008 at around 1:00 p.m., he and his partner had set up surveillance of a home based on a report that it was being robbed. A vehicle resembling the one described in the complaint was parked in front of the house. The officers followed the car as it drove away. They ran the plates and discovered the

plates belonged to a different car; therefore, they stopped the vehicle to investigate.

{¶ 6} Detective Azzano testified that as he approached the car he could smell burnt marijuana emanating from the passenger side. He could also see in plain view marijuana seeds and stems on the floor of the front area of the car. The driver, later identified as Evans, and his passenger were asked to exit the vehicle for further investigation. Detective Azzano's partner opened the compartment in the ceiling of the vehicle and individual baggies containing rocks of cocaine fell out.

{¶ 7} The trial court denied the motion to suppress. Evans entered a no contest plea to all three counts; after merging the possession and trafficking charges, the trial court sentenced him to one year of community control.

## Denial of Motion to Suppress

{¶ 8} In his first assigned error, Evans argues the trial court erred by denying his motion to suppress the drugs found in the car because the police lacked probable cause to search the vehicle.

{¶ 9} At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972.

On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. *State v. Retherford* (1994), 93 Ohio App.3d 586, 592, 639 N.E.2d 498. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met. Id.

{¶ 10} In the instant case, in denying the motion to suppress, the trial court stated, "I think based on the fictitious plates as well as the smell of marijuana justified the officers in conducting and warranting the search. I'm going to deny your motion to suppress." Tr. 27. We conclude the trial court did not err by denying the motion to suppress.

{¶ 11} It is well established that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle." *State v. Moore*, 90 Ohio St.3d 47, 48, 2000-Ohio-10, 734 N.E.2d 804. See, also, *State v. Williams*, Cuyahoga App. Nos. 92009 and 92010, 2009-Ohio-5553, ¶26 ("smell of marijuana emanating from the vehicle justified a search of the vehicle without a warrant based upon the 'plain smell doctrine'"); *State v. Byers*, Cuyahoga App. No. 94922, 2011-Ohio-342 (the search was supported by probable cause when the

police officers discovered that the occupants of the vehicle had been smoking marijuana); *State v. Jones*, 187 Ohio App.3d 478, 2010-Ohio-1600, 932 N.E.2d 904 (probable cause supported the search because the officer smelled marijuana when the occupant opened the car door); *State v. Hopper*, Cuyahoga App. Nos. 91269 and 91327, 2009-Ohio-2711, ("the smell of marijuana gives rise to a reasonable suspicion that the person stopped is engaged in criminal activity.")

{¶ 12} Evans does not dispute that Detective Azzano testified that he could smell marijuana upon approaching the vehicle; however, he argues that there was   no basis on which to conclude that Detective Azzano was qualified to recognize the odor of marijuana and that the smell only emanated from the passenger side of the vehicle, therefore, an entire search of the car was prohibited.

{¶ 13} We agree that *Moore* requires that the person who smells the marijuana must be "qualified to recognize the odor."   Detective Azzano testified that he recognized the smell was marijuana based on the hundreds of times he smelt marijuana in other drug cases.   This was sufficient evidence that the detective was qualified to recognize the odor of marijuana.

{¶ 14} Evans also argues that there was no evidence the odor was strong or that it was coming from the driver's side of the vehicle.   We have found no support for Evans's argument that the odor must be strong and emanating

from the entire car for a warrantless search to be justified. To create such a narrow rule would require the police to ignore the obvious. Nonetheless, the evidence in this case indicates the odor was strong enough for the officers to smell it as they approached the car. Moreover, the detective testified that "As *we* approached, *we* could smell marijuana coming out of the vehicle as if somebody had been smoking it." Thus, both of the officers could smell the odor. Because Azzano approached the passenger's side, it makes sense that he detected the smell from that side of the car. See *State v. Gonzales*, 6th Dist. No. WD-07-060, 2009-Ohio-168 (smell of marijuana in the passenger compartment constituted adequate probable cause to search the duffel bags located in an SUV cargo area for potentially concealed marijuana.) Additionally, the detective testified that he saw in plain view marijuana seeds and stems strewn throughout the car. At oral argument, counsel argued we could not consider this evidence because the court only relied upon the smell to justify the search. However, the trial court did not state that it did not find the officer's testimony that seeds and stems were visible on the floor of the car to be not credible. Thus, we cannot ignore the fact that the record clearly reveals the officer saw these items throughout the car.

{¶ 15} Once the officers discovered that the occupants of the vehicle had been smoking marijuana, the automobile exception to the Fourth Amendment warrant requirement applied and allowed a search of the vehicle for drugs.

Id. at syllabus. Having probable cause to conduct a search of the car, the officers were justified in searching "every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross* (1982), 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572. Thus the search that uncovered drugs hidden in the ceiling compartment did not violate Evans's Fourth Amendment rights. Accordingly, Evans's first assigned error is overruled.

## Ineffective Assistance of Counsel

{¶ 16} In his second assigned error, Evans argues his counsel was ineffective for failing to seek the suppression of his confession to the police that the drugs were his. The statement occurred while Evans was detained in the back seat of the zone car and prior to him being Mirandized.

{¶ 17} We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Under *Strickland*, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Id. at paragraph two of the syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been

different. Id. Judicial scrutiny of a lawyer's performance must be highly deferential. *State v. Sallie*, 81 Ohio St.3d 673, 1998-Ohio-343, 693 N.E.2d 267.

{¶ 18} Evans's no-contest plea renders counsel's failure to file a motion to suppress his confession irrelevant. By pleading no contest, Evans admitted to the truth of the facts alleged in the indictment. Crim.R.11(B)(2). As the Ohio Supreme Court explained in *State v. Bird,* 81 Ohio St.3d 582, 1998-Ohio-606, 692 N.E.2d 1013:

> **"According to Crim.R. 11(B)(2), a no contest plea is 'not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *.' Therefore, we have held that where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense. *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 425, 662 N.E.2d 370."**

{¶ 19} Consequently, "by pleading no contest to the indictment, [an] appellant is foreclosed from challenging the factual merits of the underlying charge." Id. at 584.

{¶ 20} Evans asserts that if counsel had sought to suppress his admission to police, the element of possession of the drugs would not be able to be proven. However, because Evans admitted to the facts in the indictment by entering the no-contest plea, including the fact he possessed the drugs, he cannot argue now that there was insufficient evidence that he

possessed the drugs.   As the court in *State v. Fitzgerald,* 2d Dist. No. 2001-CA-124, 2002-Ohio-3914, held:

> **"The State did not need any evidence to obtain [defendant's] conviction once he pled no contest, since his no-contest plea constituted an admission of the truth of the facts alleged in the complaint.  Accordingly, even if his trial counsel's failure to have timely filed a motion to suppress cost him the opportunity to suppress the evidence, this did not prejudice the outcome of the plea proceeding.   In general, only ineffective assistance of counsel relating to the plea proceeding, itself, will survive a plea of guilty or no contest."**

{¶ 21} Thus, even if the failure of Evans's attorney to file the motion fell below an objective standard of reasonable representation, Evans must still prove he was prejudiced by the ineffectiveness.

> **"Obviously, the failure to suppress evidence may have a prejudicial impact on a jury verdict based on the jury's consideration of the unsuppressed evidence.  It will not have a prejudicial impact on a conviction based upon a no-contest plea, however, because the conviction does not result from the unsuppressed evidence, but from the defendant's admission, by his plea, of the facts alleged in the complaint.   Thus, a failure to suppress evidence resulting from a deficiency in trial counsel's legal representation will not satisfy the prejudice prong of *State***

*v. Bradley,* **supra and** *Strickland v. Washington,* **supra."**

*Fitzgerald* at ¶44.

**{¶ 22}** Thus, by entering a no-contest plea, counsel's failure to file a motion to suppress did not prejudice Evans. See, also, *State v. Scruggs*, 12th Dist. No. CA2006-11-042, 2007-Ohio-6416 (by pleading no contest, defendant admitted as true the facts in the indictment that she sold the crack cocaine, so whether she possessed the drugs was irrelevant); *State v. Hall*, 5th Dist. No. 03CA00011, 2003-Ohio-5828 (failure to file a motion to suppress did not render defendant's plea involuntary or unknowing because defendant admitted the facts in the indictment were true); *State v. Rothonbuhler*, 3d Dist. No. 4-03-05, 2004-Ohio-2059 (failure to file a motion to suppress contents found on computer did not constitute ineffective assistance of counsel when defendant pled no contest to illegal use of a minor in nudity oriented material or performance). We are also mindful that counsel may have been aware of additional facts not presented at the suppression hearing that would support the fact the drugs were Evans's. This could have weighed into counsel's decision not to pursue a suppression motion on this issue and instead recommend that Evans enter a no-contest plea. Accordingly, Evans's second assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR