OPINION
{¶ 1} Appellant Robert Colburn appeals his conviction, in the Fairfield County Municipal Court, for one count of menacing. Appellant challenges Appellee State of Ohio's failure to provide him with a copy of an audio cassette tape. The following facts give rise to this appeal.
 {¶ 2} On August 20, 2003, Mr. Danny Artrip, appellant's neighbor, filed a complaint with the city prosecutor alleging appellant had committed the offenses of aggravated menacing, menacing and disorderly conduct. The charges were the result an incident that occurred on August 15, 2003, wherein Mr. Artrip and appellant met at their property line and discussed a pending civil matter between the two parties. Mr. Artrip taped the conversation. The tape allegedly contains threatening statements appellant made to Mr. Artrip.[1] These threatening statements resulted in the charges against appellant. Appellant was served with a copy of the complaint on August 21, 2003.
 {¶ 3} Thereafter, appellant filed discovery requests on August 25, 2003; October 2, 2003; and May 7, 2004. The discovery requests specifically sought any "recordings" or "recorded statements" in the state's possession. In response, the state indicated it had a 9-1-1 tape and provided appellant with a transcript of the tape. It was later learned that the state did not have a 9-1-1 tape in its possession, but instead, an audio cassette tape. The transcript provided to appellant was of the audio cassette tape.
 {¶ 4} This matter proceeded to trial on June 8, 2004. Prior to the commencement of trial, appellant moved to continue the trial because the state failed to provide him with a copy of the audio cassette tape. Appellant argued the transcript of the tape may not accurately reflect the conversation recorded on the audio cassette tape. In response, the trial court permitted the state to play the audio cassette tape while appellant reviewed the transcript for any discrepancies.
 {¶ 5} After listening to the tape and appellant's comments, the trial court found the only correction was that the word "piece" should be "fence." The trial court concluded the state's failure to provide appellant with a copy of the audio cassette tape did not diminish appellant's ability to proceed with his defense. In reaching this conclusion, the trial court noted that appellant had a copy of the transcript four or five months prior to trial. Thus, the trial court denied appellant's motion to continue the trial.
 {¶ 6} Thereafter, the parties entered into a plea agreement. Appellant pled no contest to the charge of menacing and the state dismissed the charges of aggravated menacing and disorderly conduct. The trial court sentenced appellant to a suspended thirty-day sentence and imposed a fine of $150. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The trial court's failure to permit inspection of the state's `biggest piece of evidence', specifically requested in discovery, is a violation of federal due process guarantees and amounts to reversible error.
 {¶ 8} "II. The trial court's failure to permit inspection of the state's `biggest piece of evidence', specifically requested in discovery, is a violation of ohio criminal rule 16(b) and amounts to reversible error.
 {¶ 9} "III. The trial court's admission into evidence of a transcript of a recording, in lieu of the original, violates ohio evidence rule 1002 and amounts to reversible error."
 I {¶ 10} In his First Assignment of Error, appellant maintains the state's failure to provide him with a copy of the audio cassette tape is a violation of federal due process guarantees and amounts to reversible error. We disagree.
 {¶ 11} The rules of discovery provide the trial court with great latitude in crafting sanctions to fit discovery abuses. Nakoff v.Fairview Gen. Hosp., 75 Ohio St.3d 254, 256, 1996-Ohio-159. As an appellate court, we review a trial court's discovery sanctions under an abuse of discretion standard. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's First Assignment of Error.
 {¶ 12} In Brady v. Maryland (1963), 373 U.S. 83, the United States Supreme Court held that the failure of the prosecution to disclose upon request evidence favorable to the defendant constitutes a violation of the Fourteenth Amendment's due process guarantee of a fair trial when the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Id. at 87. Undisclosed evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley (1985), 473 U.S. 667,682. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 13} Further, appellant has the burden of proving there existed a discovery violation which deprived him of his right to due process. Kylesv. Whitley (1995), 514 U.S. 419, 433. "The Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." Bagley at 675.
 {¶ 14} Appellant moved for a continuance due to the state's failure to provide him with a copy of the audio cassette tape. A continuance is one remedy available under Crim.R. 16(E)(3), which provides:
 {¶ 15} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 16} In the case sub judice, appellant set forth no argument, in his First Assignment of Error, explaining how he has been deprived of his due process rights by the state's failure to provide him with a copy of the audio cassette tape. The state provided appellant with a transcript of the tape. The state also indicated, in its response to appellant's discovery requests, that any additional documentation that he requested that had not been provided may be obtained by making an appointment with the prosecutor's office. Appellant admitted that he had a copy of the transcript for approximately four or five months before trial. Tr. June 8, 2003, at 17. Thus, appellant had ample time to compare the transcript provided to him, by the state, with the audio cassette tape the state had in its possession and intended to introduce at trial.
 {¶ 17} Finally, prior to the commencement of trial, the trial court permitted appellant to listen to the audio cassette tape and compare it to the transcript provided to him by the state. After listening to the tape, the trial court asked appellant whether there existed any discrepancies between the transcript and the actual recording. Appellant noted only one discrepancy, which the trial court acknowledged. Id. at 27. The appellant did not contest any of the threatening statements that formed the basis for the menacing charge. Thereafter, the trial court determined appellant's defense had not been prejudiced by the state's failure to provide him with a copy of the audio cassette tape. Id. at 33. Accordingly, the trial court denied appellant's request for a continuance.
 {¶ 18} We conclude the trial court did not abuse its discretion. Appellant alleges no facts that establish he has been deprived his right to due process. Further, the evidence in question was not undisclosed. Rather, the state provided appellant with a transcript of the tape in question and appellant had ample opportunity to check the accuracy of the transcript prior to the commencement of his trial, but failed to do so.
 {¶ 19} Accordingly, appellant's First Assignment of Error is overruled.
 II, III {¶ 20} We will address appellant's Second and Third Assignments of Error simultaneously. In these assignments of error, appellant maintains the state's failure to provide a copy of the audio cassette tape violated Crim.R. 16(B) and Evid.R. 1002. We disagree and conclude any error relating to discovery cannot be deemed to have materially affected his conviction unless the no-contest plea itself is deemed to be a product of a constitutional violation.
 {¶ 21} Pursuant to Crim.R. 11(B)(2), a plea of no contest is an admission of the truth of the facts alleged in the complaint. Therefore, when appellant entered his no-contest plea to the charge of menacing, he admitted the facts alleged in the complaint were true. Appellant's conviction for menacing did not depend upon evidence introduced or not introduced at trial.
 {¶ 22} Therefore, because appellant entered a no-contest plea and does not raise constitutional challenges, in his Second and Third Assignments of Error, but instead alleges violations of the Rules of Civil Procedure and Rules of Evidence, we conclude any error relating to discovery did not materially affect his conviction for menacing. See State v. Carson,
Greene App. No. 2003-CA-76, 2004-Ohio-2741, at ¶ 19.
 {¶ 23} Appellant's Second and Third Assignments of Error are overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby affirmed.
Wise, J. and Gwin, P.J., concur. Hoffman, J., concurs separately.
[1] The audio cassette tape was not admitted into evidence and therefore, is not part of the record for purposes of appeal.