[Cite as *State v. Hernandez*, 2017-Ohio-2797.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 4-16-27

      v.

JAIME O. HERNANDEZ, SR.,             O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 4-16-28

      v.

JAIME O. HERNANDEZ, SR.,              O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeals from Defiance County Common Pleas Court**
**Trial Court Nos. 05CR09377 and 16CR12576**

**Judgments Affirmed**

**Date of Decision:   May 15, 2017**

---

APPEARANCES:

      *W. Alex Smith* for Appellant

      *Russell R. Herman* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Jaime O. Hernandez, Sr. ("Hernandez"), brings these appeals from the November 28, 2016, judgments of the Defiance County Common Pleas Court imposing the balance of Hernandez's prison term in trial court case number 05-CR-09377 after Hernandez violated his community control sanctions and ordering Hernandez to serve a consecutive 10-month prison term in trial court case number 16-CR-12576 after Hernandez pled no contest to, and was found guilty of, Possession of Cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree.[1]  On appeal, Hernandez argues that he received ineffective assistance of counsel.

*Relevant Facts and Procedural History*

{¶2} In trial court case number 05-CR-09377, Hernandez was convicted of Trafficking in Cocaine in violation of R.C. 2925.03(A), a felony of the third degree. On April 6, 2006, Hernandez was sentenced to 4 years of community control, with a 4-year reserved prison term.

{¶3} On January 8, 2010, the State filed a motion to revoke Hernandez's community control for various alleged violations.  Hernandez admitted to violating his community control, and the 4-year reserved prison term in case number 05-CR-09377 was imposed.  The 4-year prison term was ordered to be served consecutive

---

[1] Appeal 4-16-27 corresponds to trial court case number 05-CR-09377.  Appeal 4-16-28 corresponds to trial court case number 16-CR-12576.

to a separate 33-month prison term from Defiance County Common Pleas Court case number 05-CR-09216, which involved three counts of Non Support of Dependents, all felonies of the fifth degree. Hernandez was thus ordered to serve an aggregate 81-month prison term at that time.

{¶4} On April 2, 2015, Hernandez was granted early release pursuant to R.C. 2967.19, and he was placed on community control.[2] At that time, the trial court noted that Hernandez had served the entirety of his 33-month prison term in the separate 05-CR-09216 case for Non Support of Dependents.[3]

{¶5} On April 12, 2016, the State filed a motion to revoke Hernandez's community control, alleging that Hernandez "tested positive for and admitted to using cocaine." (05-CR-09377 Doc. No. 51).

{¶6} Based on the same allegations made to revoke Hernandez's community control in trial court case number 05-CR-09377, Hernandez was indicted on May 5, 2016, in trial court case number 16-CR-12576 for one count of Possession of Cocaine in violation of R.C. 2925.11(A)/(C)(4)(a), a felony of the fifth degree. The indictment alleged that on or about April 11, 2016, Hernandez "did knowingly

---

[2] Revised Code 2967.19 contains an "eighty per cent" release procedure for certain offenders, which is initiated by a written recommendation to the sentencing court by the director of the department of rehabilitation. Should the offender be granted early release based on this provision, the trial court is instructed to place the offender on "one or more appropriate community control sanctions * * * and shall reserve the right to reimpose the sentence that it reduced and from which the offender was released if the offender violates the sanction." R.C. 2967.19(I).

[3] Other than providing background information as to why Hernandez was incarcerated for so long, the 05-CR-09216 case dealing with Non Support of Dependents has no further relevance.

obtain, possess, or use a controlled substance * * * and the drug involved was cocaine or a compound, mixture, preparation, or substance containing cocaine in an amount of less than five grams." (Doc. No. 1). Hernandez originally pled not guilty to the charge in the new indictment and he denied violating his community control in the 05-CR-09377 case.

{¶7} On June 13, 2016, a hearing was held wherein Hernandez admitted to violating his community control in the 05-CR-09377 case and he pled no contest to the charge in the 16-CR-12576 indictment. The trial court engaged in a thorough Criminal Rule 11 dialogue with Hernandez and determined that Hernandez was acting knowingly, intelligently and voluntarily. The trial court then found "that the May 5th indictment in fact states the offense of Possession of Cocaine, as a Felony of the Fifth Degree," and found Hernandez guilty. (June 13, 2016, Tr. at 11).

{¶8} Hernandez's disposition on his community control violation from the 05-CR-09377 case and his sentencing from the 16-CR-12576 case were delayed to see how Hernandez performed under further supervision. When the trial court delayed Hernandez's sentencing, Hernandez was warned that if he had any further issues the trial court would order any sentence in the 16-CR-12576 case to be served consecutively to the re-imposition of Hernandez's remaining prior sentence from the 05-CR-09377 case.

{¶9} On November 21, 2016, Hernandez's cases proceeded to disposition and sentencing. At the hearing, the State noted that Hernandez had received a new OVI charge and that he had separately tested positive for "Tramadol," for which Hernandez did not have a prescription. The trial court then recited Hernandez's lengthy criminal history both as a juvenile and as an adult. After giving Hernandez and his attorney an opportunity to speak, the trial court revoked Hernandez's community control in the 05-CR-09377 case, imposing the remainder of his prison term, and ordered Hernandez to serve 10 months in prison on the 16-CR-12576 case, consecutive to the 05-CR-09377 case.

{¶10} Judgment entries memorializing Hernandez's sentence were filed November 28, 2016. It is from these judgments that Hernandez appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**Appellant received ineffective assistance of counsel [in] violation of his rights under the Sixth and 14th amendments to the United States Constitution in Article I. § 10 of the Constitution of the State of Ohio.**

{¶11} In his assignment of error, Hernandez argues that he received ineffective assistance of counsel. Specifically, he contends that he could not actually be convicted of Possession of Cocaine based solely upon the presence of cocaine metabolites in a urine test, thus his attorney was ineffective for allowing Hernandez to plead no contest to the charge.

Standard of Review

{¶12} To establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced him. *State v. Phillips*, 3d Dist. Allen No. 1–15–43, 2016–Ohio–3105, ¶ 11, citing *State v. Jackson,* 107 Ohio St.3d 53, 2005–Ohio–5981, ¶ 133, citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley,* 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Argument and Analysis

{¶13} In this case Hernandez argues that he could not be convicted of Possession of Cocaine based solely on the presence of cocaine metabolites in his urine, despite pleading no contest to the charge in the indictment. In support of his argument, Hernandez cites *State v. Lowe*, 4th Dist. Highland No. 798, 86 Ohio App.3d 749 (1993), wherein the Fourth District Court of Appeals determined that mere presence of cocaine metabolites in a person's urine is insufficient to demonstrate the "knowing" element of Possession of Cocaine. *Lowe* at 755-56. Hernandez contends that the only evidence the State had against him was his

-6-

positive drug test, thus his attorney was ineffective for allowing him to plead no contest to the charge.

{¶14} At the outset, we would note that despite Hernandez's argument that the State's only evidence against Hernandez was a positive urine test, in the motion to revoke Hernandez's community control in trial court case 05-CR-09377, it was alleged that Hernandez tested positive for cocaine *and* that he admitted to using it. Thus any reliance by Hernandez on *Lowe* or similar cases reversing a conviction for possession of drugs based solely on a drug test is misplaced.

{¶15} Notwithstanding that point, Hernandez's caselaw is made entirely irrelevant by his no contest plea, which forecloses his ability to challenge the sufficiency of the evidence against him provided the indictment was sufficient. The Rules of Criminal Procedure, provide that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment." Crim.R. 11(B). "Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court *must* find the defendant guilty of the charged offense." (Emphasis added.) *State v. Bird*, 81 Ohio St.3d 582 (1998), syllabus. Consequently, "by pleading no contest to the indictment [an] appellant is *foreclosed* from challenging the factual merits of the underlying charge." (Emphasis added.) *Id*. at

583. As the indictment in this case was sufficient to state a charge of Possession of Cocaine, Hernandez cannot challenge the factual merits of his case.[4]

{¶16} Regarding his ineffective assistance of counsel claim specifically, Hernandez pled no contest to the charge, admitting the truth of the allegations in the indictment. As a result, "the record before us contains no facts to support his contention that his counsel was ineffective." *State v. Rothonbuhler*, 3d Dist. Defiance No. 4-03-05, 2004-Ohio-2059, ¶ 11. Facts were not put into the record to support Hernandez's claim to challenge the face of the indictment. "It is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). This Court has held previously an ineffective assistance of counsel claim in similar circumstances of a no contest plea is more properly reserved for post-conviction petitions and as such cannot sustain an ineffective assistance of counsel argument on direct appeal. *Rothonbuhler*, at ¶¶ 11-13.

{¶17} Finally, Hernandez affirmatively indicated to the trial court during his Crim.R. 11 plea colloquy that he was satisfied with his attorney. His claims now

---

[4] During the Crim.R. 11 colloquy in this case, Hernandez indicated his understanding that his determination of his guilt would be based upon the allegations in the indictment. The trial court made it clear to Hernandez that when he was "enter[ing] a plea of no contest you're admitting for the purpose of this proceeding what's stated in the indictment. There's not going to be a trial, the State will not have to prove anything. The Court will simply review that indictment. If it states a criminal offense the Court has the power to find you guilty of that crime * * *[.] Do you understand that?" (June 16, 2016, Tr. at 6). Hernandez affirmatively indicated that he understood.

seem little more than buyer's remorse considering his disposition and sentencing were delayed to give him a chance to perform under supervision and when Hernandez was charged with OVI prior to his sentencing hearing, the trial court elected to sentence Hernandez to prison on both cases. For all of these reasons, Hernandez's argument is not well-taken.

{¶18} Inasmuch as Hernandez's assignment of error remotely touches upon ineffective assistance of counsel related to his admission of his community control sanction violation in trial court case 05-CR-09377, which he does not appear to claim on appeal, his argument is similarly not well-taken.

*Conclusion*

{¶19} For the foregoing reasons Hernandez's assignment of error is overruled. The judgments of the Defiance County Common Pleas Court in trial court case numbers 16-CR-12576 and 05-CR-09377 are affirmed.

***Judgments Affirmed***

**ZIMMERMAN, J., concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**