[Cite as *State v. Blair*, 2019-Ohio-4308.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 11-19-01

v.

TRISTEN A. BLAIR,

    O P I N I O N

    DEFENDANT-APPELLANT.


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 11-19-02

v.

TRISTEN A. BLAIR,

    O P I N I O N

    DEFENDANT-APPELLANT.


**Appeals from Paulding County Common Pleas Court**
**Trial Court Nos. CR-17-592 and CR-18-681**

**Judgments Reversed**

**Date of Decision: October 21, 2019**


**APPEARANCES:**

    *Howard A. Elliot* **for Appellant**

    *Joseph R. Burkard* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Tristen A. Blair ("Blair") brings these appeals from judgments of the Court of Common Pleas of Paulding County. On appeal Blair challenges the voluntariness of the pleas, the sufficiency of the evidence, and the effectiveness of counsel. For the reasons set forth below, the judgments are reversed.

*Background in Case Number 11-19-01*

{¶2} On September 15, 2017, the Paulding County Grand Jury indicted Blair on one count of Burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree and one count of Theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. Doc. 2. The matter was assigned case number CR-17-592. *Id.* Blair entered pleas of not guilty to both counts. A change of plea hearing was held on December 20, 2018. Doc. 35. At that time, the State agreed to dismiss the theft charge and in exchange Blair entered a plea of guilty to the burglary charge. *Id.* The trial court accepted the guilty plea and entered a judgment of guilty on January 4, 2019. *Id.* On January 14, 2019, the trial court held a sentencing hearing. Doc. 36. The trial court sentenced Blair to a seven year prison term and ordered that it be served consecutive to a thirty-six month prison term in case number CR-18-681 for an aggregate prison term of ten years. *Id.* Blair then filed a timely notice of appeal. Doc. 40.

*Background in Case Number 11-19-02*

**{¶3}** Blair was originally charged with one count of murder in trial court case number CR-17-618.[1]  A trial was held from December 18-20, 2018.  Before the case was sent to the jury, the State and Blair reached a plea agreement that resolved this case.  In exchange for dismissing this case, Blair agreed to be charged with one count of reckless homicide by bill of information in a new case number CR-18-681 and to plead no contest to this charge.  The agreement also indicated that the State would dismiss another case and included the agreement in case number CR-17-592 discussed above.  The trial court accepted the no contest plea in case number CR-18-681 and found Blair guilty of reckless homicide in violation of R.C. 2903.041(A), a felony of the third degree.  Doc. 3.  The sentencing hearing was held on January 14, 2019.  Doc. 4.  The trial court ordered Blair to serve a prison term of thirty-six months and ordered that it be run consecutive to the seven year prison term imposed in case number CR-17-592 for an aggregate prison term of 10 years. *Id.*  Blair then filed a timely notice of appeal.  Doc. 6.

**{¶4}** The two cases were consolidated for the purpose of appeal.  On appeal, Blair raises the following assignments of error.

**First Assignment of Error**

**The pleas of guilty and the plea of no contest of [Blair] as to the burglary and reckless homicide charges of the two cases were not received with a knowing and intelligent [voluntary] waiver of**

---

[1] Although the transcripts from the trial were filed in this case, the remainder of record in CR-17-618 is not available for our review.

**[Blair's] rights in that the trial court in taking the pleas failed to comply with Criminal Rule 11(C)(2)(c) as the trial court failed to explain to [Blair] his right to confront witnesses against him, accordingly the please must be vacated and the matter remanded to the trial court for further proceedings.**

### Second Assignment of Error

**The trial court abused its discretion and committed reversible error by over objection, allowing into evidence a description of the law enforcement officer's recollection [of] an interview with [Blair] in lieu of recording the same, all in violation of Evidence Rule 1002, the so called best evidence rule.**

### Third Assignment of Error

**The conviction herein of [reckless homicide] by way of the no contest plea of [Blair] must be reversed in that insufficient evidence supports the necessary element of the offense of recklessness as opposed to negligence or an accident.**

### Fourth Assignment of Error

**The trial counsel for [Blair] rendered [ineffective assistance] of counsel in advising [Blair] to proceed with a no contest plea to the reckless homicide charge which may preclude effective challenge of the evidence concerning the mental capability the [State] presented to establish the charge.**

*Plea Colloquy*

{¶5} In the first assignment of error, Blair alleges that the trial court failed to comply with Criminal Rule 11(C)(2)(c) before accepting the pleas of guilty to burglary and no contest to reckless homicide.

**(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**

\* \* \*

> **(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the right to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C)(2)(c). "Despite the evolution of substantial compliance as a standard for the court's nonconstitutional notifications and determinations required by [Criminal Rule] 11(C)(2)(a) and (b), the same is not true for the constitutional rights within [Criminal Rule] 11(C)(2)(c)." *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 18, 897 N.E.2d 621. As to these rights, strict compliance with criminal rule 11 is required. *Id.* In its conclusion regarding what happens when strict compliance is not present, the Ohio Supreme Court held as follows.

> **We hold that a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.**

*Id*. at ¶ 31. When a trial court omits any of the above rights, the failure is not subject to a harmless error review and the plea is invalid. *State v. Johnson*, 10th Dist. Franklin Nos. 15AP-1021, 15AP-1022, and 15AP-1023, 2016-Ohio-7945 (holding

that trial court's failure to notify defendant of the right to confront witnesses rendered the plea invalid).

**{¶6}** In this case, the trial court notified Blair as follows regarding the constitutional rights set forth in Criminal Rule 11(C)(2)(c).

> **The Court: Do you understand you are entitled to a trial by jury on both of these cases? Did you understand by entering these pleas of guilty and no contest, you're giving up your right to trial by jury? Do you understand that?**
>
> **The Defendant: Yes.**
>
> **The Court: You understand that we were in the midst of a jury trial on the other charge and that that jury trial will not continue? Do you understand?**
>
> **The Defendant: Yes.**
>
> **The Court: If I accept your pleas. Do understand [sic] that you are giving up your right to use the Court's subpoena power to bring in witnesses to testify on your behalf?**
>
> **The Defendant: Yes.**
>
> **The Court: Do you understand you're giving up your right in these two cases to require the State to prove your guilt beyond a reasonable doubt?**
>
> **The Defendant: Yes.**
>
> **The Court: Do you understand you cannot be forced or compelled to testify against yourself?**
>
> **The Defendant: Yes.**

Tr. 377-78. At no time did the trial court notify Blair of his right to confront his accusers as is required by Criminal Rule 11(C)(2)(c). The trial court's failure to

strictly comply with this duty renders the pleas invalid. Thus, the first assignment of error is sustained.

{¶7} Having found that the pleas are invalid, the remaining assignments of error are moot. This court will therefore not address them at this time. App.R. 12(A)(1)(c).

{¶8} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Paulding County are reversed and the matters are remanded to the trial court for further proceedings.

*Judgments Reversed and Cause Remanded*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**