[Cite as *State v. Blair*, 2021-Ohio-266.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  11-20-01

     v.

TRISTEN A. BLAIR,                   O P I N I O N

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  11-20-02

     v.

TRISTEN A. BLAIR,                   O P I N I O N

     DEFENDANT-APPELLANT.

**Appeals from Paulding County Common Pleas Court**
**Trial Court Nos. CR-17-592 and CR-18-681**

**Judgments Affirmed**

**Date of Decision:  February 1, 2021**

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Joseph R. Burkard* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Tristen A. Blair ("Blair"), appeals the January 17, 2020 judgments of the Paulding County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This appeal involves two separate, unrelated criminal cases. The first of these cases, case number CR-17-592, began on September 15, 2017, when the Paulding County Grand Jury indicted Blair on two counts: Count One of burglary in violation of R.C. 2911.12(A)(1), a second-degree felony; and Count Two of theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony. (Case No. CR-17-592, Doc. No. 2). On October 17, 2017, Blair appeared for arraignment and pleaded not guilty to the counts of the September 15, 2017 indictment. (Case No. CR-17-592, Doc. No. 11).

{¶3} A change-of-plea hearing in case number CR-17-592 was held on December 20, 2018. (Case No. CR-17-592, Doc. No. 35). At the change-of-plea hearing, under a negotiated plea agreement, Blair withdrew his pleas of not guilty and entered a plea of guilty to Count One of the September 15, 2017 indictment. (*Id.*). In exchange, the State agreed to recommend dismissal of Count Two. (*Id.*). The trial court accepted Blair's guilty plea, found him guilty of Count One, and ordered a presentence investigation. (*Id.*). In addition, the trial court dismissed Count Two of the September 15, 2017 indictment. (*Id.*).

{¶4} The second case involved in this appeal arises from the death of Z.B., Blair's child. Following Z.B.'s death, Blair was charged with a single count of murder in case number CR-17-618.[1]  A jury trial in case number CR-17-618 was held on December 18-20, 2018.  However, before the case was submitted to the jury, the parties reached a negotiated plea agreement to resolve the case.  Pursuant to the agreement, on December 20, 2018, the State issued a bill of information charging Blair with one count of reckless homicide in violation of R.C. 2903.041(A), a third-degree felony.  (Case No. CR-18-681, Doc. No. 1).  The bill of information was entered under a new, separate case number, case number CR-18-681.  (*Id.*).   That same day, Blair pleaded no contest to the charge in the bill of information in case number CR-18-681.  (Case No. CR-18-681, Doc. No. 3).  (*See* Case No. CR-18-681, Doc. No. 2).  The trial court accepted Blair's no contest plea and found him guilty of reckless homicide.  (Case No. CR-18-681, Doc. No. 3).  Further, at the request of the State, the trial court dismissed case number CR-17-618.

{¶5} On January 14, 2019, the trial court held a sentencing hearing in case numbers CR-17-592 and CR-18-681.  (Case No. CR-17-592, Doc. No. 36); (Case No. CR-18-681, Doc. No. 4).  The trial court sentenced Blair to 7 years in prison as to Count One of case number CR-17-592 and 36 months in prison as to the charge

---

[1] Although Blair filed the transcripts from the December 18-20, 2018 jury trial in case number CR-17-618 as part of the record here, the remainder of the record in case number CR-17-618 (murder) is not available for our review.  Consequently, the record before this court contains little procedural information about the crime, as originally charged.

contained in the bill of information in case number CR-18-681. (*Id.*); (*Id.*). Further, the trial court ordered the sentences in case numbers CR-17-592 and CR-18-681 to be served consecutively for an aggregate term of ten years in prison. (*Id.*); (*Id.*). On January 16, 2019, the trial court filed its judgment entries of sentence. (*Id.*); (*Id.*).

{¶6} On February 1, 2019, Blair filed his notices of appeal in case numbers CR-17-592 and CR-18-681. (Case No. CR-17-592, Doc. No. 40); (Case No. CR-18-681, Doc. No. 6). The cases were consolidated for the purpose of appeal. In his initial appeal, Blair raised four assignments of error.[2] In *State v. Blair*, 3d Dist. Paulding Nos. 11-19-01 and 11-19-02, 2019-Ohio-4308, we reversed Blair's convictions due to deficiencies in the plea colloquy which rendered Blair's pleas invalid. *Id.* at ¶ 7-8.[3]

{¶7} Accordingly, on December 3, 2019, the trial court held a second change-of-plea hearing in case numbers CR-17-592 and CR-18-681. (Case No. CR-17-592, Doc. No. 52); (Case No. 18-CR-681, Doc. No. 15). With respect to case number CR-17-592, under a negotiated plea agreement, Blair withdrew his plea of not guilty as to Count One of the September 15, 2017 indictment and pleaded guilty. (Case No. CR-17-592, Doc. No. 52). In exchange, the trial court agreed to

---

[2] We note that the four assignments of error that Blair raised in his first appeal are nearly identical, including typographical errors, to the assignments of error that he raises in his present appeal. *See State v. Blair*, 3d Dist. Paulding Nos. 11-19-01 and 11-19-02, 2019-Ohio-4308, ¶ 4.

[3] Because we reversed Blair's convictions in his initial appeal on the basis of deficiencies in the plea colloquy, Blair's three remaining assignments of error were rendered moot and, therefore, were not addressed in the initial appeal. *Blair* at ¶ 7-8.

recommend dismissal of Count Two of the September 15, 2017 indictment. (*Id.*). The trial court accepted Blair's guilty plea and found him guilty of Count One. (*Id.*). Additionally, the trial court dismissed Count Two of the September 15, 2017 indictment. (*Id.*). With respect to case number CR-18-681, Blair entered a no contest plea to the charge contained in the bill of information. (Case No. CR-18-681, Doc. No. 15). The trial court accepted Blair's no contest plea and found him guilty as charged in the bill of information. (*Id.*).

{¶8} On January 13, 2020, the trial court held a sentencing hearing in case numbers CR-17-592 and CR-18-681. (Case No. CR-17-592, Doc. No. 53); (Case No. CR-18-681, Doc. No. 16). The trial court sentenced Blair to 6 years in prison as to Count One of case number CR-17-592 and 36 months in prison with respect to the charge contained in the bill of information in case number CR-18-681. (*Id.*); (*Id.*). Further, the trial court ordered the sentences in case numbers CR-17-592 and CR-18-681 to be served consecutively for an aggregate term of nine years in prison. (*Id.*); (*Id.*). On January 17, 2020, the trial court filed its judgment entries of sentence. (*Id.*); (*Id.*).

{¶9} On February 13, 2020, Blair filed his notices of appeal. He raises four assignments of error for our review.

**Assignment of Error No. I**

**The trial court in accepting the Defendant-Appellant's plea of guilty to the charge of burglary and the Defendant-Appellant's**

**plea of no contest to the charge of reckless homicide, failed to properly obtain a knowing and intelligent plea of guilty and no contest respectfully [sic] and failed to adequately and properly effect both the guilty and no contest pleas thus invalid requiring that the pleas be vacated and the case be remanded to the trial court for further proceedings.**

{¶10} In his first assignment of error, Blair argues that the trial court erred by failing to comply with Crim.R. 11 before accepting his pleas of guilty to burglary and no contest to reckless homicide. Specifically, Blair argues that the trial court failed to advise him in his plea colloquy of the effects of his guilty and no contest pleas.

{¶11} Under Crim.R. 11(C), all guilty and no contest pleas must be made knowingly, voluntarily, and intelligently. *State v. Miller*, 3d Dist. Mercer No. 10-18-07, 2018-Ohio-3713, ¶ 10, citing *State v. Billenstein*, 3d Dist. Mercer No. 10-13-10, 2014-Ohio-255, ¶ 48. "Crim.R. 11(C) requires the trial judge, before accepting a guilty or no contest plea in a felony case, to inform the defendant of several rights enumerated under the rule, making sure the defendant understands the nature of those rights." *Billenstein* at ¶ 48, citing *State v. Stewart*, 51 Ohio St.2d 86, 88 (1977). "A trial court's failure to ensure that a plea has been entered knowingly, voluntarily, and intelligently renders the plea unconstitutional." *Miller* at ¶ 10, citing *Billenstein* at ¶ 48, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) provides:

(2)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a)  Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)  Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)  Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶12} Crim.R. 11 "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, ___ Ohio St.3d ___, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). The Supreme Court of Ohio has recently reaffirmed that "our focus in reviewing pleas has not been on whether the trial judge has '[incanted] the precise verbiage' of the rule, *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea[.]" *Dangler* at ¶ 12, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15-16.

{¶13} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 14-15; Crim.R. 52. Generally, to demonstrate prejudice, a defendant would have to establish that "his plea would not have otherwise been made." *Dangler* at ¶ 24.

{¶14} There are limited exceptions to the prejudice requirement in the criminal-plea context. "When a trial court fails to explain the constitutional rights

that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31 and *Veney* at syllabus. The "constitutional" rights are set forth in Crim.R. 11(C)(2)(c) above. *See Dangler* at ¶ 14. When a trial court fails to fully cover "nonconstitutional" rights in Crim.R. 11, "a defendant must affirmatively show prejudice to invalidate a plea." *Dangler* at ¶ 14, citing *Clark* at ¶ 17.

{¶15} The Supreme Court of Ohio recognized one other exception to the prejudice requirement: "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis sic.) *Dangler* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 22. However, "[a]side from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *Nero* at 108.

{¶16} "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect." *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 7,

citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 12 and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 10-12. "To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B)." *Id.* at ¶ 8, citing *Jones* at ¶ 25, 51. Furthermore, the trial court must also inform the defendant that upon acceptance of his pleas, it "may proceed with judgment and sentence." Crim.R. 11(C)(2)(b).

{¶17} At the December 3, 2019 change of plea hearing, the trial court stated, "[B]efore I can accept these pleas, I do need to make sure that you are aware of * * * the potential consequences of what you are doing here." (Dec. 3, 2019 Tr. at 9). Additionally, on three separate occasions, the trial court informed Blair that by entering a "no contest" plea, he was "admitting to the facts as charged" in the bill of information. (*Id.* at 9-11, 14). Moreover, the trial court inquired whether Blair understood that if the trial court accepted his pleas of guilty and no contest and finds him guilty, "it may proceed immediately with judgment and sentencing * * *." (*Id.* at 11). In response, Blair responded, "Yes." (*Id.*). Accordingly, the trial court did not completely fail to comply with the notification required by Crim.R. 11(C)(2)(b). Thus, Blair is not relieved of his burden to establish prejudice.

{¶18} With respect to whether he was prejudiced, Blair has failed to establish, or even argue, that he would not have entered his pleas of no contest and

-10-

guilty if not for the trial court's alleged errors. *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 13, citing *Nero*, 56 Ohio St.3d at 108. Thus, because the trial court did not completely fail to comply with Crim.R. 11(C)(2)(b) and Blair failed to show prejudice, we find that Blair has failed to establish that his plea was not made knowingly, voluntarily, and intelligently. *See Dangler,* 2020-Ohio-2765, at ¶ 24.

{¶19} Accordingly, Blair's first assignment of error is overruled.

### Assignment of Error No. II

**The trial court abused its discretion and committed reversible error by over objection description [sic] of the law enforcement officer's recollection an interview with the Defendant in lieu of recording the same, all in violation of Evidence Rule 1002, the so called best evidence rule.**

{¶20} In his second assignment of error, Blair argues that the trial court committed reversible error by overruling his objections to testimony by Deputy Brion Hanenkratt ("Deputy Hanenkratt") regarding Deputy Hanenkratt's recollection of two interviews he conducted with Blair. Blair contends that Deputy Hanenkratt's testimony violated the best evidence rule.

{¶21} Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 109 Ohio St. 3d 412, 2006-Ohio-2815, ¶ 62, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). An abuse of

discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138 (1991). However, here, we need not engage in ordinary abuse of discretion review with respect to the admission or exclusion of evidence because Blair entered a no contest plea.

{¶22} "In general any errors by a trial court concerning the admission or exclusion of evidence are necessarily harmless when a criminal defendant subsequently pleads guilty or no contest, since the defendant's conviction, being derived from the plea, has not been affected by the trial court's error." *State v. Gard*, 2d Dist. Montgomery No. 25727, 2014-Ohio-531, ¶ 9. "The effect of the 'no contest' plea is to admit the truth of all the factual allegations in the [bill of information] and to relieve the prosecutor of the burden of proving the defendant guilty beyond a reasonable doubt." *State v. Baumgartner*, 8th Dist. Cuyahoga Nos. 89190, 91207, and 91208, 2009-Ohio-624, ¶ 16.

{¶23} Here, Blair fails to acknowledge the effect his no contest plea had on his objections to the State's evidence during trial, and he does not argue that the alleged violations of the best evidence rule had any effect on his plea. Rather, Blair argues the trial court's ruling on his objections to the evidence at issue "was an

abuse of discretion and certainly effects the information presented to the jury," despite the fact that, because he entered a plea of no contest to reckless homicide, his murder charge was not submitted to the jury. (Appellant's Brief at 14). Thus, because Blair entered a no contest plea to the charge of reckless homicide, any error relating to his objections to the State's evidence during his trial for murder did not materially affect his conviction for reckless homicide. *See State v. Colburn*, 5th Dist. Fairfield No. 04 CA 44, 2005-Ohio-1111, ¶ 22.

{¶24} Accordingly, Blair's second assignment of error is overruled.

**Assignment of Error No. III**

**The conviction herein of reckless of [sic] homicide by way of the no contest plea of the Defendant must be reversed in that insufficient evidence in support of the necessary element of the offense of recklessness be imposed [sic] to negligence or an accident.**

{¶25} In his third assignment of error, Blair argues that the trial court erred by finding him guilty of reckless homicide following his no contest plea. Specifically, Blair argues that insufficient evidence exists to support the element of "recklessness." We disagree.

{¶26} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio

St.3d 259 (1991), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶27} Blair was convicted of reckless homicide in violation of R.C. 2903.041(A), which provides that "[n]o person shall recklessly cause the death of another * * *." "A person acts recklessly when, with heedless indifference to the consequences, the person disregards the substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist." *Id.*

-14-

Blair only disputes the sufficiency of the evidence presented at the trial relating to his mental state at the time of Z.B.'s death, specifically, whether he acted recklessly.

**{¶28}** However, Blair's argument is made irrelevant by his no contest plea. Crim.R. 11(B) provides that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment." Crim.R.11(B). "'Where the indictment, information or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court *must* find the defendant guilty of the charged offense.'" (Emphasis sic.) *State v. Hernandez*, 3d Dist. Defiance Nos. 4-16-27 and 4-16-28, 2017-Ohio-2797, ¶ 15, quoting *State v. Bird*, 81 Ohio St.3d 582 (1998), syllabus. "Consequently, 'by pleading no contest to the [bill of information] [an] appellant is *foreclosed* from challenging the factual merits of the underlying charge." (Emphasis sic.) *Id.*, quoting *Bird* at syllabus. "The language of a [bill of information] is sufficient to charge an offense if its language mirrors the statute with which the defendant is charged." *State v. Francis*, 3d Dist. Mercer No. 10-08-02, 2008-Ohio-2605, ¶ 11, citing *Bird* at 585 and *In re Manns*, 3d Dist. Hardin No. 6-07-11, 2007-Ohio-6019, ¶ 5.

**{¶29}** Here, the bill of information stated the following:

"[O]n or about the 20th day of October, 2017, in Paulding County,

Ohio, **TRISTEN A. BLAIR** did, recklessly cause the death of

-15-

another, to wit: [Z.B.], in violation of Section 2903.041(A) of the Ohio Revised Code, and against the peace and dignity of the State of Ohio, (Reckless homicide) a felony of the third degree.

(Emphasis sic.) (Case No. CR-18-681, Doc. No. 1). Therefore, the language of the bill of information mirrors the language of the reckless homicide statute, and it was, accordingly, sufficient to charge the offense. *See* R.C. 2903.041(A) and *Bird* at 585. Thus, by pleading no contest to the bill of information, Blair is foreclosed from challenging the factual merits of the reckless homicide charge. *See Francis* at ¶ 11.

{¶30} Further, we note that, at the change of plea hearing, the parties referenced Blair's inability to challenge the sufficiency of the evidence in the following exchange:

[Trial Court]: * * * Just to remind everyone, there were two (2) pleas in the case. In the Reckless Homicide case that was brought in the midst of [the December 18-20, 2018 trial] by the bill of information, that was a plea of "No Contest." In the Burglary charge in the CR-17-592 case, that was a "Guilty" plea. Are those the pleas that Mr. Blair would intend to make at this time?

[Blair's Trial Counsel]: Yes, Your Honor.

[Trial Court]: Thank you. * * * [A]ny input at this point from the State?

[The State]: Your Honor, that is my understanding with one (1) additional item: the "No Contest" plea. It's my understanding that there is going to be a stipulation as to the need that no additional testimony is needed as far as a factual basis.

[Trial Court]: Yes, let's go ahead and address that as well. The Reckless Homicide charge was brought by a bill of information, and that was in the midst of the jury trial. That bill of information indicates * * * [:] I, Joseph R. Burkhard, the Prosecuting Attorney of the County, say by way of information that, on or about the 20th day of October, 2017, in Paulding County, Ohio, Tristen A. Blair did, recklessly cause the death of another, to wit: [Z.B.], in violation of Section 2903.041(A) of

-17-

the Ohio Revised Code, and against the peace
and dignity of the State of Ohio, (Reckless
Homicide) a felony of the third degree." So
that is what he is admitting to as with the "No
Contest" plea. He has to admit those facts.

[Blair's Trial Counsel]: Yes, Your Honor. At this time, understanding
the bill of information, we are inclined to do
that.

[Trial Court]: Thank you. Mr. Blair, do you understand
what your attorney is saying on your behalf?

[Blair]: Yes.

(Dec. 3, 2019 Tr. at 8-9). Thus, the transcript of the December 3, 2019 change-of-plea hearing indicates that not only was Blair aware of the facts he was admitting by entering a plea of no contest, it also indicates that the parties intended to stipulate to the fact that the State did not need to present additional evidence related to any of the elements of the offense.

{¶31} Accordingly, Blair's third assignment of error is overruled.

**Assignment of Error No. IV**

**The trial counsel for the Defendant, rendered in effect [sic] assistance of counsel advised [sic] the Defendant to proceed with a no contest plea to the reckless homicide charge may preclude defective [sic] in lieu of the evidence concerning the mental**

-18-

**capability [the] state [sic] presented insupportably [sic] in defense.**

{¶32} In his fourth assignment of error, Blair argues that he was denied the right to effective assistance of counsel as provided for by the United States Constitution and by the Ohio Constitution. Specifically, Blair argues that his trial counsel failed to inform him that, by entering a no contest plea to the bill of information charging him with reckless homicide, he was waiving his ability to challenge the sufficiency of the evidence relating to the offense. For the reasons that follow, we disagree.

{¶33} "In criminal proceedings, a defendant has the right to effective assistance of counsel under both the United States and Ohio Constitutions." *State v. Evick*, 12th Dist. Clinton No. CA2019-05-010, 2020-Ohio-3072, ¶ 45. A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of

-19-

reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396-397 (1976), *vacated in part on other grounds*, *Ohio v. Lytle*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

**{¶34}** Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'Where a conviction is based on * * * [a] no contest plea[], the prejudice element requires the defendant to show that there is reasonable probability that, but for counsel's errors, he would not have entered [the] plea.'" *State v. Miller*, 6th Dist. Lucas No. L-16-1029, 2017-Ohio-670, ¶ 7, quoting *State v. Luciano*, 6th Dist. Wood No. WD-14-023, 2015-Ohio-1264, ¶ 24, quoting *State v. Trevino*, 6th Dist. Lucas No. L-08-1394, 2009-Ohio-6983, ¶ 16. *See State v. Lett*, 7th Dist. Mahoning No. 08-MA-84, 2010-Ohio-4188, ¶ 32; *State v. Francis*, 11th Dist. Trumbull No. 2009-T-0015, 2010-Ohio-2686, ¶ 91 ("[I]n the context of a no contest plea, in asserting a claim of ineffective assistance of counsel, the defendant must demonstrate that, but for his attorney's error, he would not have entered his no contest plea and instead would have insisted

on going to trial."), citing *State v. Barnett*, 11th Dist. Portage No. 2006-P-0117, 2007-Ohio-4954, ¶ 52. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bradley* at 142, quoting *Strickland* at 694. If the petitioner cannot prove one of the elements, it is "unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20.

{¶35} First, we note that facts were not put in the record to support Blair's claim that he was unaware of the implications of his no contest plea. "'It is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record.'" *Hernandez*, 2017-Ohio-2797, at ¶ 16, quoting *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). We have previously held that an ineffective assistance of counsel claim in similar circumstances of a no contest plea is "more properly reserved for post-conviction petitions and as such cannot sustain an ineffective assistance of counsel argument on direct appeal." *Id.*, citing *State v. Rothonbuhler*, 3d Dist. Defiance No. 4-03-05, 2004-Ohio-2059, ¶ 11-13. Additionally, as indicated in our discussion of Blair's third assignment of error, the record indicates that the parties stipulated that the prosecutor was not required to present additional evidence relating to any of the elements of reckless homicide and that Blair was aware of the stipulation. (Dec. 3, 2019 Tr. at 8-9).

{¶36} Furthermore, notwithstanding Blair's assertions that his counsel was ineffective, Blair has not established that he was prejudiced. Here, Blair argues that his trial counsel erred by advising him to enter a no contest plea without sufficiently advising him that entering a plea of no contest may preclude him from challenging the sufficiency of the evidence relating to his mental culpability.

{¶37} However, in his initial appeal, Blair's fourth assignment of error was as follows:

> The trial counsel for [Blair] rendered [ineffective assistance] of counsel in advising [Blair] to proceed with a no contest plea to the reckless homicide charge which may preclude effective challenge of the evidence concerning the mental capability the [State] presented to establish the charge.

*State v. Blair*, 2019-Ohio-4308, at ¶ 4. This assignment of error was rendered moot in Blair's initial appeal because this court remanded the cause to the trial court on the grounds that his initial plea colloquy was deficient. *Id.* at ¶ 7-8. However, on remand, Blair again entered a no contest plea to reckless homicide as charged in the bill of information. Thus, even if we assume (without deciding) that on December 20, 2018, when Blair entered his initial no contest plea to reckless homicide, he was unaware of the potential implications his plea could have on his ability to challenge the sufficiency of the evidence concerning his mental culpability, the fact that he

raised the issue in his initial appeal demonstrates that he was aware of the potential implications of his no contest plea when, on remand, he again entered a no contest plea to the bill of information. Accordingly, because he entered a second no contest plea after previously raising the same issue on appeal, Blair cannot demonstrate (1) that he was unaware of the implications his no contest plea could have on his ability to challenge the sufficiency of the evidence concerning his mental culpability and (2) that, absent his trial counsel's alleged error, he would not have entered a no contest plea to reckless homicide. *See State v. James*, 3d Dist. Hancock No. 5-19-30, 2020-Ohio-720, ¶ 15.

{¶38} Because Blair failed to satisfy his burden of demonstrating that he was prejudiced by his trial counsel's alleged errors, we need not consider whether Blair's trial counsel's performance was defective or unreasonable. *See Bradley*, 42 Ohio St.3d at 143 ("'[T]here is no reason for a court deciding an ineffective assistance claim to * * * address both components of the inquiry if the defendant makes an insufficient showing on one.'"), quoting *Strickland*, 466 U.S. at 697.

{¶39} Accordingly, Blair's fourth assignment of error is overruled.

{¶40} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**